UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THOMAS TURRILL, and
MARY BOYETT-TURRILL,

    Plaintiffs,

-vs-                                              Case No.
                                                     Hon.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,
ATLANTIC CREDIT & FINANCE, INC.,
BAY AREA CREDIT SERVICE, LLC,
NATIONAL ENTERPRISE SYSTEM, INC., and
SIMM ASSOCIATES, INC.,

    Defendants.

## COMPLAINT & JURY DEMAND

### Jurisdiction

1. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiffs to this lawsuit reside in Dearborn, Michigan in Wayne County.

4. ALLIANCEONE RECEIVABLES MANAGEMENT, INC. is a corporation doing business in Michigan.

5. ATLANTIC CREDIT & FINANCE, INC. is a corporation doing business in Michigan.

1

6. BAY AREA CREDIT SERVICE, LLC is a corporation doing business in Michigan.

7. NATIONAL ENTERPRISE SYSTEM, INC. is a corporation doing business in Michigan.

8. SIMM ASSOCIATES, INC., is a corporation doing business in Michigan.

## Venue

9. The transactions and occurrences which give rise to this action occurred in Wayne County.

10. Venue is proper in the Eastern District of Michigan.

## General Allegations

11. On more than one occasion between July 1, 2008 and the present, the Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC. communicated with the Plaintiffs and failed to comply with 15 U.S.C. §1692e(11), leaving recorded voice messages on Plaintiffs' answering machine which failed to provide notice that the calls were from a debt collector.

12. On March 26, 2009, the Defendant, ATLANTIC CREDIT & FINANCE, INC., represented to the Plaintiff, Mary Boyett-Turrill, through its agent, that it was preparing a lawsuit against the Plaintiff, creating a false sense of urgency.

13. On more than one occasion between July 1, 2008 and the present, the Defendant, BAY AREA CREDIT SERVICE, LLC, communicated with the Plaintiffs and failed to comply with 15 U.S.C. §1692e(11), leaving recorded voice messages on Plaintiffs' answering machine which failed to provide notice that the calls were from a debt collector.

14. The Defendant, BAY AREA CREDIT SERVICE, LLC, failed to comply with 15 U.S.C. §1692g sending no notice pursuant to that section.

15. On more than one occasion between July 1, 2008 and the present, the Defendant, NATIONAL ENTERPRISE SYSTEM, INC. communicated with the Plaintiffs and failed to comply with 15 U.S.C. §1692e(11), leaving recorded voice messages on Plaintiffs' answering machine which failed to provide notice that the calls were from a debt collector.

16. The Defendant, NATIONAL ENTERPRISE SYSTEM, INC., failed to comply with 15 U.S.C. §1692g sending no notice pursuant to that section.

17. On more than one occasion between July 1, 2008 and the present, the Defendant, SIMM ASSOCIATES, INC., communicated with the Plaintiffs and failed to comply with 15 U.S.C. §1692e(11), leaving recorded voice messages on Plaintiffs' answering machine which failed to provide notice that the calls were from a debt collector.

### COUNT I – Fair Debt Collection Practices Act
### (AllianceOne Receivables Management, Inc.)

18. Plaintiffs incorporate the preceding allegations by reference.

19. At all relevant times AllianceOne Receivables Management, Inc. – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. AllianceOne Receivables Management, Inc. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. AllianceOne Receivables Management, Inc.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

22. Plaintiffs have suffered damages as a result of these violations of the FDCPA.

### COUNT II – Fair Debt Collection Practices Act
### (ATLANTIC CREDIT & FINANCE, INC.)

23. Plaintiffs incorporate the preceding allegations by reference.

24. At all relevant times ATLANTIC CREDIT & FINANCE, INC. – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

25. ATLANTIC CREDIT & FINANCE, INC. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

26. ATLANTIC CREDIT & FINANCE, INC.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

27. Plaintiffs have suffered damages as a result of these violations of the FDCPA.

### COUNT III – Fair Debt Collection Practices Act
### (BAY AREA CREDIT SERVICE, LLC)

28. Plaintiffs incorporate the preceding allegations by reference.

29. At all relevant times BAY AREA CREDIT SERVICE, LLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

30. BAY AREA CREDIT SERVICE, LLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

31. BAY AREA CREDIT SERVICE, LLC's foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

32. Plaintiffs have suffered damages as a result of these violations of the FDCPA.

### COUNT IV – Fair Debt Collection Practices Act
### (NATIONAL ENTERPRISE SYSTEM, INC.)

33. Plaintiffs incorporate the preceding allegations by reference.

34. At all relevant times NATIONAL ENTERPRISE SYSTEM, INC. – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

35. NATIONAL ENTERPRISE SYSTEM, INC. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

36. NATIONAL ENTERPRISE SYSTEM, INC.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

37. Plaintiffs have suffered damages as a result of these violations of the FDCPA.

### COUNT V – Fair Debt Collection Practices Act
### (SIMM ASSOCIATES, INC.)

38. Plaintiffs incorporate the preceding allegations by reference.

39. At all relevant times SIMM ASSOCIATES, INC. – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

40. SIMM ASSOCIATES, INC. is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

41. SIMM ASSOCIATES, INC.'s foregoing acts in attempting to collect this alleged debt against Plaintiff constitute violations of the FDCPA.

42. Plaintiffs have suffered damages as a result of these violations of the FDCPA.

### Demand for Jury Trial

43. Plaintiffs demand trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, Plaintiffs request that the Court:*

a. *Assume jurisdiction over all claims;.*

b. *Award actual damages.*

c. *Award statutory damages.*

d. *Award punitive damages.*

e. *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:    <u>s/ Adam G. Taub</u>
                 Adam G. Taub (P48703)
                 Attorney for Plaintiffs
                 18930 West 10 Mile Rd. Suite 2500
                 Southfield, MI 48075
                 Phone:  (248) 746-3790
                 Email:   adamgtaub@clgplc.net

Dated: June 29, 2009